IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALLEN BLANCH, JR.,                )
                                  )
            Plaintiff,            )
                                  )
       v.                         )     No. 09 C 5605
                                  )
COUNTY OF COOK, et al.,           )
                                  )
            Defendants.           )

MEMORANDUM OPINION AND ORDER

Allen Blanch, Jr. ("Blanch" has filed a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint[1] in which he claims that the absence of a professional response to his serious medical needs has violated his constitutional rights. This memorandum opinion and order hastens to address Blanch's complaint that he has suffered a harrowing lack of attention or improper attention, or both, to a serious medical condition. In the course of doing so, this Court must also address Blanch's two added submissions on Clerk's-Office-supplied forms: an In Forma Pauperis

---

[1] "Self-prepared" is used in the sense that Blanch has employed the Section 1983 printed form Complaint provided by the Clerk's Office. But unlike the most frequently encountered filings by persons in custody, this filing sets out Blanch's Statement of Claim narrative in great detail. Although that recital may be at odds with the more skeletal notice-pleading concept embodied in Fed. R. Civ. P. ("Rule") 8(a), and although this Court is not of course making any findings on the strength of such a unilateral presentation, the wealth of detail strongly suggests the credibility of Blanch's account. As will be seen, this memorandum opinion and order directs swift action on the part of defense counsel so that any further damage stemming from the disturbing inattentiveness to Blanch's medical needs may be minimized.

Application ("Application") and a Motion for Appointment of Counsel ("Motion").

Those last two documents call for threshold treatment before this opinion can turn to Blanch's substantive claim. As for the Application, which is accompanied by the printout of Blanch's trust fund account at the Cook County Department of Corrections ("County Jail") called for by 28 U.S.C. §1915(a)(2), the average deposits to that account during the six-month period preceding the filing of the Complaint amounted to $156.67, calling for an initial partial filing fee payment of 20% of that amount, or $31.33 (28 U.S.C. §1915(b)(1)). Accordingly Blanch is assessed that initial fee of $31.33, and the County Jail trust fund officer is ordered to collect that amount from Blanch's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

After such payment the trust fund officer at County Jail (or at any other correctional facility where Blanch may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the

2

Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Blanch's name and the 09 C 5605 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

In addition to that condition imposed on the granting of the Application, the Application bears directly on the Motion. In that respect Blanch has confirmed his unsuccessful efforts to obtain counsel on his own, and he certainly qualifies in financial terms for the appointment of pro bono counsel. This Court has therefore placed a request for the designation of a lawyer from this District Court's trial bar to handle such representation on a pro bono publico basis.

But in any event the showing of shocking neglect described by Blanch (whose allegations, once again, are to be credited for present purposes) calls for a swift response by responsible counsel on the defense side contemporaneously with the provision of counsel to represent Blanch. In that respect our Court of Appeals has had occasion just two weeks ago to reconfirm that pretrial detainees such as Blanch "may not be 'punished' by the state in any way" (Lewis v. Downey, No. 08-2960, 2009 WL 2835414, at *4 (7th Cir. Sept. 4), quoting and adding emphasis to that language from Wilson v. Williams, 83 F.3d 870, 875 (7th Cir.

3

1996))). And Lewis, id. went on to say:

> In some contexts, such as claims of deliberate indifference to medical needs, the Eighth and Fourteenth Amendment standards are essentially interchangeable.

If Blanch's allegations are to be credited, and n.1 suggests that prospect appears to be far more than a pro forma procedural assumption, any description of the treatment (more accurately, the lack of treatment) to which he has been subjected as "deliberate indifference to medical needs" is a major understatement. What is called for here is the swift designation of an Assistant State's Attorney to look into the matter, even before the time runs for filing a responsive pleading, so that an informed report can quickly be made to this Court.

Accordingly this action is set for an initial status hearing at 9 a.m. September 25, 2009. It is ordered that an Assistant State's Attorney shall have been designated before that date, in sufficient time to have engaged in a preliminary inquiry so as to have the ability to speak to the issues in an informed way. By that date it is also expected that pro bono counsel will also have been appointed to represent Blanch.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 18, 2009

4